**TITLE GUARANTEE & TRUST CO v
NEW YORK STUDIOS**

Ohio Appeals, 1st Dist, Butler Co

No 601.   Decided Jan 31, 1934

Moulinier, Bettman & Hunt, Cincinnati, for plaintiff in error.
S. G. Kusworm, Dayton, for defendant in error.

Pomerene & Boulger, Columbus, and A. D. Russell, Pomeroy, for plaintiff in error.
Richard N. Larrimer, Columbus, and Fred W. Crow, Pomeroy, for defendant in error.

**OPINION**

By ROSS, J.

It is apparent that the parties were very careful to cover in the contract all the important matters essential to a full and complete agreement, and that this contract covers definitely, by specific recital, matters also mentioned in the "offer", such as amount of consideration which is different in the "offer" and "contract", terms, and time of payment, which are also different.

It is strange that if it was intended that so important a matter as the passage or retention of title to this material should have been left to mere incidental reference. It is to us obvious on the other hand that the "offer" was simply used as a description of the material to be included within the terms of the contract and for no other purpose. It is inconceivable that so vital

a matter as the passage of title, directly affecting the right to possession, should have been relegated to its inclusion in the contract simply by general reference to a clause which contains unfilled blanks in a printed form which was not used by the parties for the purpose for which it was originally intended.

Clause 15 of the Contract specifically excludes all previous communications whether written or verbal as binding provisions in the contract.

The blank offer was evidently only incorporated in the contract for the purpose specified in clause (2) of the contract, "Description of the Work." Certainly if a conditional sale were intended, there would have appeared mention thereof or reference thereto under clause (6) Reimbursement, or Clause (7) Terms of payment, or in clause (8) where specific agreements between the parties are mentioned.

In conclusion, we again refer to the language of clause (2) "The Contractor and the Purchaser agree that the **materials to be furnished** and the **work to be done** by the contractor are:"—then appears the reference to the lists in the offer. Can any more definite terms of limitation of application be employed than the words just quoted and which we have underscored to show such limitation.

The contract was not a conditional sales contract, and the defendant in error had no reservation of title and consequently the trial court was in error in adjudging the defendant in error possession of the materials involved adverse to that of plaintiff in error.

The judgment is reversed in this respect and judgment may be here entered in accordance with the conclusions herein set forth.

HAMILTON, PJ, and CUSHING, J, concur.